**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KENNETH GUY ELLIS, JR.,

      Plaintiff,

v.                                                                    No. 1:24-cv-00395-JHR[1]

NEW MEXICO DEPARTMENT
OF TRANSPORTATION, et al.,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**</u>

This case arises from the condemnation acquisition of Plaintiff's home.  *See* Rights Compliant [sic] Pursuant to 42 U.S.C. § 1983, Doc. 1, filed April 26, 2024 ("Complaint").  In an email to some of the Individual Defendants, Plaintiff's daughter states she and Plaintiff

> advised personnel in your offices of the current **mental incompetence** of my father [Kenneth Guy Ellis Jr.] . . .Due to my father's [Kenneth Guy Ellis Jr.] **mental condition**, <u>I now have power of attorney for his affairs</u>.  The fact that your agents told my father he had to sign the purchase agreement with no other option, or they would take him to court and remove him from the property we consider this as selling <u>under duress</u>, especially with his current mental condition.

Complaint at 6 (emphasis and brackets in original).  Plaintiff indicates there is a case in state court related to this matter.  *See* Complaint at 1, 6.  Plaintiff seeks money damages.  *See* Complaint at 12-13.

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 3, filed April 26, 2024.  Plaintiff has paid the filing fee.  *See* Doc. 4, filed April 26, 2024. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

The Amended Complaint asserts claims against the New Mexico Department of Transportation.  *See* Complaint at 1.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
> > First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir.2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015); *Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014) ("abrogation is valid only if Congress 'act[ed] pursuant to a valid exercise of its power under

§ 5 of the Fourteenth Amendment.'") (quoting *Nev. Dep't of Human Res. v. Hibbs,* 538 U.S. 721, 726 (2003)).

The Complaint fails to show that the Court has jurisdiction over Plaintiff's claims against the NMDOJ because there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states and their agencies apply in this case.

The Court orders Plaintiff to show cause why the Court should not dismiss the claims against the New Mexico Department of Transportation for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.

**Individual Defendants**

Plaintiff asserts claims against 33 individual Defendants. *See* Complaint at 1-2. Plaintiff alleges he received a letter from one of the Individual Defendants, Plaintiff's daughter exchanged emails with some of the Individual Defendants, and Plaintiff sent "Affidavit of Truth Questionnaires" to some of the Individual Defendants. *See* Complaint at 5-9. One of the Individual Defendants, Sean Fitting, is an attorney and entered an appearance in the state-court case as attorney for the Defendants. *See* Complaint at 9. Plaintiff filed a response stating Defendant Fitting's entry of appearance is not valid because he is a witness in the case. *See* Complaint at 9.

The Complaint fails to state claims pursuant to 42 U.S.C. § 1983 because Plaintiff has not described what each Individual Defendant did to Plaintiff and what specific federally protected right Plaintiff believes each Defendant violated. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d

1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 for failure to state a claim.  If Plaintiff asserts the Court should not dismiss the claims, Plaintiff must file an amended complaint.

### *Younger* Abstention and *Rooker-Feldman* Doctrines

Plaintiff has proceedings related to this matter in the Thirteenth Judicial District Court, State of New Mexico:

> **November 6, 2023**
> I filed a civil complaint against defendants.  That Case No. D-1329-CV-2023-01665 was transcribed in error by the clerk.
>
> **November 22, 2023**
> I was contacted by the clerk that the error was discovered and a new Case No. D-1329-CV-[2024-00668] was assigned as my Case No.

Complaint at 1, 6 (emphasis in original) (brackets with corrected case number added).  State court records, https://caselookup.nmcourts.gov/caselookup/app, indicate Case No. D-1329-CV-2024-00668 ("Ellis I"), in which Plaintiff filed a "Petition by Owner for Possession of Premises and Restitution Under Uniform Owner-Resident Relations Act," is currently pending in Bernalillo District Court.

It appears that this case may be barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately

be sought before the state court."  *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  In

determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an
> adequate forum to hear the claims raised in the federal complaint, and (3) the state
> proceedings involve important state interests, matters which traditionally look to
> state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

Plaintiff requested an emergency trial in *Ellis I* and the Bernalillo District Court has set a

bench trial for April 30, 2024.  In the event the Bernalillo District Court dismisses *Ellis I*, then it

would appear this case would be barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers
> complaining of injuries caused by state-court judgments rendered before the district
> court proceedings commenced and inviting district court review and rejection of
> those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,
> 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would
> necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district
> court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292

(10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred

from seeking what in substance would be appellate review of the state judgment in a United States

district court, based on the losing party's claim that the state judgment itself violates the loser's

federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The Court orders Plaintiff to show cause why the Court should not dismiss this case as

barred by the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine.  If Plaintiff asserts

the Court should not dismiss this case as barred by the *Younger* abstention doctrine and the *Rooker-

Feldman* doctrine, Plaintiff must file an amended complaint alleging facts showing that this case

is not so barred.

**Attachments**

Plaintiff attached 17 pages of documents to his Complaint.  The Court will not review attachments to a complaint to determine whether a plaintiff can state a claim upon which relief can be granted.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant.").  Any information in the attachments that form a basis for Plaintiff's claims must be set forth in allegations in an amended complaint.  The Court may consider documents attached to the Complaint or amended complaint at a later stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of the

Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to

sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

   **IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause

why the Court should not dismiss the claims for the reasons stated above; and (ii) file an amended

complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of

this case.

_____
**HON. JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**