IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETH GUY ELLIS, JR.,

    Plaintiff,

v.                                                                                       No. 1:24-cv-00395-JCH-JHR

NEW MEXICO DEPARTMENT OF TRANSPORTATION, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from the condemnation acquisition of Plaintiff's home by the New Mexico Department of Transportation.  *See* Rights Compliant [sic] Pursuant to 42 U.S.C. § 1983, Doc. 1, filed April 26, 2024 ("Complaint").  In addition to the New Mexico Department of Transportation, Plaintiff asserts claims against 33 individuals ("the Individual Defendants").  In an email to some of the Individual Defendants, Plaintiff's daughter states she and Plaintiff

> advised personnel in your offices of the current **mental incompetence** of my father [Kenneth Guy Ellis Jr.] . . . Due to my father's [Kenneth Guy Ellis Jr.] **mental condition**, <u>I now have power of attorney for his affairs</u>.  The fact that your agents told my father he had to sign the purchase agreement with no other option, or they would take him to court and remove him from the property we consider this as selling <u>under duress</u>, especially with his current mental condition.

Complaint at 6 (emphasis and brackets in original).  Plaintiff indicates there is a case in state court related to this matter ("*Ellis I*").  *See* Complaint at 1, 6.  Plaintiff seeks money damages.  *See* Complaint at 12-13.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff:

The Amended Complaint asserts claims against the New Mexico Department of Transportation.  *See* Complaint at 1.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment.

> "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
>> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir.2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015); *Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014) ("abrogation is valid only if Congress 'act[ed] pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment.'") (quoting *Nev. Dep't of Human Res. v. Hibbs,* 538 U.S. 721, 726 (2003)).

The Complaint fails to show that the Court has jurisdiction over Plaintiff's claims against the NMDOT because there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states and their agencies apply in this case.
. . . .

Plaintiff asserts claims against 33 individual Defendants . . .The Complaint fails to state claims pursuant to 42 U.S.C. § 1983 because Plaintiff has not described what each Individual Defendant did to Plaintiff and what specific federally protected right Plaintiff believes each Defendant violated.  *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

. . . .

2

> Plaintiff has proceedings related to this matter in the Thirteenth Judicial District Court, State of New Mexico ["*Ellis I*"] . . .
>
> It appears that this case may be barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:
>
>> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.
>
> *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).
>
> Plaintiff requested an emergency trial in *Ellis I* and the Bernalillo District Court has set a bench trial for April 30, 2024. In the event the Bernalillo District Court dismisses *Ellis I*, then it would appear this case would be barred by the *Rooker-Feldman* doctrine which:
>
>> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.
>
> *Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Order to Show Cause at 2-5, Doc. 5, filed April 30, 2024.

Judge Ritter ordered Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above and to file an amended complaint. *See* Order to Show Cause at 7.

3

Plaintiff filed a Supplement to his Complaint and an Affidavit. *See* Doc. 6, filed April 30, 2024; Doc. 7, filed April 30, 2024.  The Supplement describes Plaintiff's "bipolar and depression" and states "I was coerced into signing a deed and lease agreement while under extreme duress [and] I shouldn't have signed anything, because my daughter has Power of Attorney (POA) over my affairs and the Defendants knew it." Doc. 6 at 2-3.  The Affidavit asserts there was fraud upon the Thirteenth Judicial District Court for the State of New Mexico.  *See* Doc. 7.  It appears that Plaintiff did not file the Supplement and Affidavit in response to the Order to Show Cause because he filed those Supplement and Affidavit on the same day that the Clerk's Office mailed the Order to Show Cause to Plaintiff.  Neither the Supplement nor the Affidavit address: (i) subject-matter jurisdiction over Plaintiff's claims against the New Mexico Department of Transportation; (ii) the Complaint's failure to state claims against the individual Defendants; or (iii) whether this case is barred by the *Younger* abstention or *Rooker-Feldman* doctrines.

Plaintiff did not show cause why the Court should not dismiss this case, file an amended complaint, or otherwise respond to the Order to Show Cause by the May 21, 2024, deadline.

The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1983 against: (i) the New Mexico Department of Transportation for lack of jurisdiction; and (ii) the Individual Defendants for failure to state a claim upon which relief can be granted.  The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE